UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKKI FENGER,

        Plaintiff,

                              Case No.  20-10074

vs.                            HON.  GEORGE CARAM STEEH

JEFFREY'S AUTO RESALE, INC.,

        Defendant.
_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 6]</u>

      This case arises from a consumer credit transaction in which plaintiff Nikki Fenger alleges that defendant Jeffrey Auto Resale, Inc. failed to accurately disclose the cash price and amount financed regarding a used vehicle she purchased.  Plaintiff alleges defendant violated the Truth in Lending Act, as well as various state statutes.  Plaintiff and defendant entered into a Retail Installment Agreement which included an Arbitration Clause, providing for binding mandatory arbitration.  Defendant filed this motion to dismiss, seeking an order dismissing plaintiff's complaint because the disputes alleged by plaintiff are subject to the parties' arbitration agreement.

Plaintiff opposes defendant's motion to dismiss on the basis that she exercised her right to reject the arbitration clause. The question of whether the parties agreed to arbitrate is to be decided by the courts. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The arbitration provision in the Retail Installment Contract provides that the buyer may reject arbitration for a 30-day period following the sale:

> Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

The terms required plaintiff to send this agreement to Credit Acceptance Corporation (CAC) at the address specified.

The sale occurred on June 6, 2019. On June 27, 2019, plaintiff sent a letter rejecting arbitration to CAC, in addition to sending a rejection to defendant as an added precaution. Both letters were sent within the time allowed by certified and regular mail. Plaintiff has attached the letters as well as the post office tracking information certifying the delivery of said letters on July 3, 2019.

The evidence supports a finding that plaintiff properly rejected the arbitration clause pursuant to the terms of the parties' agreement. As such, defendant's motion to dismiss is DENIED. Defendant is ordered to answer the complaint and the court will set a scheduling conference. In the meantime, discovery should commence, including discovery into the issue whether defendant and CAC received plaintiff's rejection of arbitration.

Dated: April 21, 2020

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk